805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James K. O'NEILL, Petitioner,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, and
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 86-3029.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Nov. 20, 1986.
 
 John H. Klein (Breit, Rutter & Montagna on brief), for petitioner.
 
 
 1
 Lawrence P. Postol (Seyfarth, Shaw, Fairweather & Geraldson on brief), for respondent Newport News Shipbuilding and Dry Dock Company.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 On Petition for Review of an Order of the Benefits Review Board.
 
 
 5
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 
 PER CURIAM:
 
 6
 Claimant seeks permanent partial disability payments pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. Sec. 901 et seq. (West 1986). His claim was initially denied by an administrative law judge (ALJ). The Benefits Review Board (Board) affirmed, finding the decision of the ALJ to be supported by substantial evidence. 33 U.S.C.A. Sec. 921(b)(3) (West 1986). We also find the denial to be supported by substantial evidence and affirm.
 
 
 7
 In March of 1978 claimant was working as a welder at the Newport News shipyard. He claimed that he accidentally stepped backward off a four-foot-high work table and, although he managed to land on his feet, he felt something crack in his back. He continued to work and did not go to the shipyard clinic for back pain until June 1, 1978.
 
 
 8
 It is undisputed that prior to the accident he suffered from spondylolisthesis, which is the forward displacement of one vertebra over another. It is also undisputed that if the March accident permanently aggravated the preexisting condition, he is entitled to the benefits sought. The expert medical testimony established that if he suffered pain continuously from the time he stepped off the work table, then this accident permanently aggravated his preexisting condition. On the other hand, the experts also agreed that if he suffered only temporary pain, then the accident did not permanently aggravate his preexisting condition. Thus the limited issue before this Court is whether substantial evidence supports the finding that claimant suffered only temporary, not continuous, back pain following the March 1978 accident.
 
 
 9
 We find ample evidence, including claimant's own testimony, to support the decision of the ALJ and Board. Claimant testified in an inconsistent manner. Contrary to his testimony of continuous pain given in the hearing before the ALJ, claimant earlier testified during a deposition: "And then I didn't feel anything for the first couple weeks. Just really didn't feel anything, you know, that I would absolute [sic] notice as being some trouble with my body." Claimant's actions further support the finding of no continuous back pain. Subsequent to the injury, claimant visited the shipyard clinic on March 28, April 3, April 10 and May 25, 1978. Each time he complained of unrelated neck and/or knee pain, with no mention of back pain. Moreover, during the May 25 visit, he requested that his restriction to light duty work--arising from his knee problems--be upgraded to a regular duty work classification. It was not until June 1, 1978, over two months after the accident, that he first complained of back pain when visiting the shipyard clinic. It is also noteworthy that the August 1978 hospital record, addressing the March accident, states: "Pain lasted 30 min., no radiation, then resolved."
 
 
 10
 The portions of the record relied on by claimant in support of his position are unpersuasive and often ambiguous. The evidence relied on by the ALJ is clear and persuasive.
 
 
 11
 Accordingly, we affirm the decision of the Board denying benefits.
 
 
 12
 AFFIRMED.